IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OSSIE ROBERT TRADER** | : | **CIVIL ACTION** |
| v. | : | |
| **UNITED STATES OF AMERICA** | : | **NO. 07-cv-3698** |

### MEMORANDUM AND ORDER

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. In the context of prisoners in federal custody, if such a writ of habeas corpus is issued by a federal court, the prisoner will be released from federal custody on the grounds that certain rights accruing to that prisoner pursuant to the United States Constitution[1] have been violated; habeas corpus motions pursuant to AEDPA are the **_only_** possible means of obtaining this type of relief from federal custody.

We note that by means of AEDPA, Congress created a series of **_intentionally restrictive gate-keeping conditions_** which must be satisfied for a prisoner to prevail in his petition seeking the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §2255.[2] One such intentionally restrictive gate-keeping condition is AEDPA's **_"second_**

---

[1] For the purpose of brevity, we will use the term "Constitutional" to refer not only to attacks based on alleged violations of the U.S. Constitution, but also to attacks based on any asserted federal collateral grounds for relief from custody, such as alleged violations of federal statutes and treaties involving the United States, or an alleged lack of jurisdiction by the sentencing court. Gonzalez v. Crosby, 545 U.S. 524 (2005).

[2] The strict AEDPA gate-keeping procedures were enacted by Congress in order to support the policy of creating finality with respect to state and federal criminal prosecutions. Woodford v. Garceau, 538 U.S. 202 (2003); Duncan v. Walker, 533 U.S.

1

***or successive rule,"*** which generally forbids a litigant from filing a §2255 habeas if that litigant had at least one prior §2255 habeas if that previous §2255 petition was "dismissed after adjudication of the merits of the claims presented."[3]

On June 27, 1995, Defendant Trader pled guilty in this court in 94-cr-534-2. When he was sentenced in this matter, in addition to a term of physical imprisonment, Trader was also ordered to make restitution to his victims. On September 4, 2007, Trader, who is still physically incarcerated in connection with 94-cr-534-2, filed what purported to be a petition seeking Habeas Corpus relief pursuant to 28 U.S.C. §2241, and not pursuant to 28 U.S.C. §2255.[4] This is a crucial distinction, as the so-called "second or successive rule" of AEDPA does not apply to §2241 petitions. Zayas v. INS, 311 F.3d 247 (3rd Cir. 2002). Accord, Jacobs v. McCaughtry, 251 F.3d 596 (7th Cir. 2001); Chambers v. USA, 106 F.3d 472 (2nd Cir. 1997). In this petition, he attacks the legality of the court's calculation of the amount of restitution he has been ordered to make; he does not seek to obtain release from physical incarceration.

We note that regardless of whether a petitioner is or is not in physical custody, relief is not available under any part of AEDPA, including both 28 U.S.C. §2255 and 28 U.S.C. §2241, if the petition solely attacks the imposition of a monetary fine or an order of restitution. U.S. v. Mays, 67 Fed.Appx. 868 (6th Cir. 2003); U.S. v. Watroba, 56 F.3d 28 (6th Cir. 1995). Although Watroba is a pre-AEDPA case, it remains valid law under

---

167 (2001); Crews v. Horn, 360 F.3d 146 (3rd Cir. 2004).

[3]Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

[4]Trader has several prior §2255 habeas petitions.

2

AEDPA. U.S. v. Mays, 67 Fed.Appx. 868 (6th Cir. 2003).

Accordingly, this _21_ Day of ~~October~~ December, 2007, it is hereby **ORDERED** as follows.

1. Petitioner is granted ***provisional*** leave to proceed in forma pauperis in this matter for the purpose of this Order only.

2. 07-cv-3698 is **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk of this Court shall mark 07-cv-3698 as **CLOSED** for all purposes, including statistics.

_____
**MICHAEL M. BAYLSON, U.S. District Judge**